UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDORA LOPEZ-VENEGAS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>JEH JOHNSON, *et al.*,<br><br>    Defendants. | No. CV 13-03972-JAK (PLAx)<br><br>**FINAL JUDGMENT**<br><br>**JS-6** |

**1.** In the Final Order Approving Class Action Settlement, the Court granted final certification of a class defined as: "all Individuals who returned to Mexico pursuant to a Qualifying Voluntary Return between June 1, 2009 and August 28, 2014, and who are described in both paragraphs (a) and (b) of this section:

(a) Based on the facts as they existed at the time of his or her Qualifying Voluntary Return, the Individual:

(i) Last entered the United States with inspection prior to his or her Qualifying Voluntary Return and satisfied the non-discretionary criteria for submitting an approvable application to adjust status under 8 U.S.C. § 1255(a), based on a *bona fide* immediate relative relationship defined in 8 U.S.C. § 1151(b)(2)(A)(i);

(ii) Was the beneficiary of a properly filed Form I-130 Petition for Alien Relative based on a *bona fide* family relationship, which was pending or approved at the time of the Qualifying Voluntary Return;

(iii) Satisfied the non-discretionary criteria to apply for cancellation of removal under 8 U.S.C. § 1229b; or

(iv) His or her Qualifying Voluntary Return occurred on or after June 15, 2012, and he or she satisfied the non-discretionary criteria for Deferred Action for Childhood Arrivals ("DACA") listed on page one of the June 15, 2012 memorandum from former Secretary of Homeland Security Janet Napolitano; and

(b) At the time of application for class membership, the Individual:

(i) Is physically present within Mexico; and

(ii) Is inadmissible under 8 U.S.C. § 1182(a)(9)(B), due to his or her Qualifying Voluntary Return, except that this requirement does

not apply to an Individual seeking recognition as Class Member under Paragraph (a)(i) above.

The term "ICE" means U.S. Immigration and Customs Enforcement, and the term "Border Patrol" means U.S. Border Patrol, both of which are within the U.S. Department of Homeland Security. The term "Qualifying Voluntary Return" means "any Voluntary Return that occurred within the Relevant Area during the period starting June 1, 2009, and ending on the date of the District Court's Preliminary Approval of the Classwide Settlement," August 28, 2014. The term "Voluntary Return" means "the process by which an Individual in the custody of ICE or Border Patrol admits being unlawfully present in the United States, and returns to his or her country of citizenship or nationality under 8 U.S.C. § 1229c(a), in lieu of formal removal proceedings. This term does not include voluntary departure granted by an immigration judge during or at the conclusion of formal removal proceedings." Further, the term "Individual" means "a natural person who is not a citizen or national of the United States."

2. All persons who satisfy the class definition above are Class Members, regardless of whether they file an application for class membership. However, an Individual is not a Class Member if: (1) Defendants deny his or her application for class membership and that decision is not otherwise reversed; or (2) Defendants deny him or her physical entry into the United States.

3. In the Final Order Approving Class Action Settlement, the Court found that notice of the Settlement Agreement and Release ("Settlement Agreement") was provided to Class Members by creating a website dedicated to providing notice of the settlement (www.salidavoluntariaacuerdo.com), "billboard" publication notices, radio announcements, "banner-style notices" on several websites, notices on Facebook, and keyword searches in compliance with Section 3.3 of the Settlement Agreement, Federal Rule of Civil Procedure 23 and due process.

**4.** Consistent with the Settlement Agreement, by entry of this Final Judgment, each Class Member and his or her assignees, heirs, successors, and personal representatives unconditionally releases the United States of America and all Defendants, including their sub-agencies, officers, agents, and employees, from all claims asserted in the First Amended Complaint based on events that occurred on or before the date of entry of the Preliminary Approval Order, August 28, 2014. This Judgment shall not have preclusive effect on any damages claim by any Class Member.

**5.** The Court and assigned Magistrate Judge shall retain jurisdiction over all disputes between and among the parties arising out of the Settlement Agreement, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

**6.** Class Counsel is awarded $700,000 (total) in fees and costs, in full settlement of attorneys' fees and costs for this action and all obligations and disputes arising from it.

NOW, THEREFORE, the Court, finding that no reason exists for delay, hereby directs the Clerk to enter this Final Judgment, pursuant to Federal Rule of Civil Procedure 58, forthwith.

DATED: March 11, 2015

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE